After carefully studying the application for rehearing, I am convinced that the notice clause of the Lawyer's Title policy did not violate Code 1975, § 6-2-15.
The contract is an insurance policy. The insurer agrees to compensate the insured for any loss resulting from a defect, lien, or encumbrance on the insured's title that has not been excluded from coverage. The insurer has the option to either pay any loss that arises or to clear the defect, lien, or encumbrance on the title. If the insurer fails to act on a compensable claim, then the insurer has breached the contract.
Under the policy at issue, there was no affirmative obligation for Lawyer's Title to list all encumbrances on the policy. On the contrary, the policy provides that Lawyer's Title "insures . . . against loss or damage . . . sustained or incurred by the insured by reason of: . . . "2. Any defect in or lien or encumbrance on such title. . . ." Schedule B excludes from insurance coverage any "loss or damage by reason of the following." Schedule B then sets forth various items that could be defects, liens, or encumbrances. Nowhere in the contract is there any promise to actually set out all defects, liens, or encumbrances. Therefore, the only possible cause of action for breach of contract against Lawyer's Title is for the failure to pay a claim for damages resulting from a defect, lien, or encumbrance that was not excluded from coverage. Plaintiffs allege just such a breach in counts one and two of the second amended complaint.[1] The plaintiffs allege that "while they [plaintiffs] have complied with all the terms and conditions of said insurance policy, the defendants have breached the terms thereof by failing to pay to the plaintiffs the amount due pursuant to the terms of the policy."
The significance of the above is simply this: Lawyer's Title could not have breached the insurance contract for failing to pay for damages that resulted from the existence of a non-excluded encumbrance until it had knowledge of a claim and failed to pay it.
The first notice Lawyer's Title had of a claim was when it was served with the original summons and complaint. The notice clause provided that the insurer then had 30 days in which to act on the claim after notice was given. The insurer uses this period of time to process and evaluate the claim to see if it is compensable. As shown by this case, where the trial court and this Court came to different conclusions, there can be some legitimate debate about whether an agreement of the type in question is an encumbrance and therefore covered under the policy. The clause simply gives the insurer 30 days in which to perform, just as in a commercial sales contract a buyer may have up to 30 days to pay after the seller delivers before the buyer is deemed to have breached his promise to pay.
If the insurer refuses to pay a compensable claim or fails to act on a compensable claim within 30 days, the insurer has breached the contract. Until there is a breach, no cause of action has accrued and *Page 792 
statute of limitations has not begun to run. Therefore, the notice clause does not shorten the statutory limitations period and does not violate § 6-2-15.
To hold that the clause violates § 6-2-15, the majority must conclude that a breach occurred prior to the time, or simultaneously with the time, that notice of the claim was given. To hold that the breach occurred prior to the time notice of the claim was given to the insurer is to say that the insurer should have compensated the insured for a claim that the insurer did not know existed. If the breach occurs when notice of the claim is given, then the majority must be saying that there is a presumption that the insurer will deny the claim. In addition, if there was a bad faith claim made, I wonder how we would evaluate whether a debatable reason for denying the claim existed at the time (which the majority has a difficult time determining) the claim was denied.
While the service of process of the initial complaint put the insurer on notice of a claim, the suit was technically premature, because no breach had occurred. However, the plaintiffs later amended the complaint after more than 30 days had expired, realleging a breach of contract for failure to pay a claim made under the policy. By the time the second amended complaint was filed, plaintiffs had a viable breach of contract action.
I agree that the application is due to be overruled because we correctly held that the requirements of the clause were met and, therefore, that the insurer could not invoke the clause to bar the claim. Our decision to reverse the trial court's judgment is therefore correct, but not the discussion that states that the notice clause violates § 6-2-15.
[1] In contrast, in counts three and four of the second amended complaint, plaintiffs pursue causes of actions against Realty Title for failure to set forth a defect, lien, or encumbrance.